## BROWN *et al.* v. EDMONDS *et al.*

1. To enable a judgment creditor to maintain an action to subject land standing in the name of a third person, it is not necessary that he should first have made a levy on the land.

2. Where an answer to a creditors' bill against a husband and wife to subject realty standing in the name of the wife to a judgment against the husband alleges that the property ·was purchased for the purpose of using the same as a homestead, and there is evidence tending to support the allegation, the defendants are entitled to a finding thereon,

3. It is not an abuse of discretion for a court to refuse to permit the filing of an amended pleading, tendering new issues, a month after the trial of the action, when the facts pleaded were known to the party and his counsel during the trial.

(Opinion filed Oct. 17, 1896.)

Appeal from circuit court, Lawrence county.    Hon. A. J. PLOWMAN, Judge.

Action in equity to subject certain realty to the payment of a judgment.    Decree for plaintiffs, and defendants appeal. Reversed in part.

The facts are stated in the opinion.

*Edwin Van Cise,* for appellants.

The premises were purchased with the intention to use and occupy as a homestead, and therefore became impressed with the homestead character before this action was begun.    Kingman v. O'Callahan, 4 S. D. 628, 57 N. W. 912; Reske v. Reske, 16 N. W. 895; Deville v. Widoe, 31 N. W. 369; Mills v. Hobbs, 42 N. W. 1084; Barber v. Roerbeck, 36 Mich. 399; Griffin v. Nichols, 51 Mich. 575; Bouchard v. Bourassa, 57 Mich. 8; Neal v. Coe, 35 Ia. 407; Cowgill v. Warrington, 24 N. W. 266; Mann v. Corrington, 61 N. W. 409; Crawford v. Richeson, 101 Ill. 351.

*McLaughlin & McLaughlin,* for respondent.

By filing the complaint herein plaintiffs obtained a lien upon the property to subject it to the payment of their judgment.    Feldenheimer v. Tressel, 6 Dak. 265; Davidson v. Burke, 32 N. E. (Ill.) 514.

HANEY, J.    This is an action in equity to subject certain realty, record title to which is in defendant Jennie S. Edmonds, to the payment of a judgment recovered in the territorial district court within and for Lawrence county, against defendant J. Frank Edmonds, her husband, and one Pinney, co-partners as Edmonds & Pinney.    The court, in its decision, finds that after the rendition of such judgment, and before the commencement of this action, an execution in due form was issued upon

such judgment to the sheriff of Lawrence county against the
real and personal property of the defendant J. Frank Edmonds
and Milton E. Piney, co-partners as Edmonds & Pinney; that
such execution was, before the commencement of this action,
returned unsatisfied; and that there is now due thereon from
defendant J. Frank Edmonds and Milton E. Pinney, co-part-
ners as Edmonds & Pinney, to these plaintiffs, the sum of
$460.90. This finding is sustained by the evidence and admis-
sions of the answer. Whether the return of an execution un-
satisfied was the only proper manner of showing that plaintiffs
had exhausted their legal remedies, and were entitled to the
aid of a court of equity, need not be decided, but it was cer-
tainly sufficient for that purpose.

More than ten years elapsed between the rendition of the
judgment and the issuance of execution. The judgment had
ceased to be a lien upon realty, but had not itself ceased to ex-
ist, and was still unsatisfied. Nothing prevented issuance of
an execution by leave of court, and we must presume such leave
was obtained. Concerning actions in equity in aid of execu-
tions, there is endless confusion among the authorities. The
underlying principle seems to be this: The judgment creditor
must exhaust his legal remedies before resorting to equity.
The best evidence of his having done so is an attempt and fail-
ure to collect by the use of ordinary legal means. In the case
at bar the plaintiffs had an unsatisfied judgment, upon which
they caused execution to issue, which was returned unsatisfied.
This established the fact that the debtors had no property lia-
ble to levy and sale thereunder, and the plaintiffs were without
any legal means of collecting their claim. Were they bound to
go further, and establish a lien upon the property, title to which
was in the wife of the judgment debtor? We think not. The
authorities uniformly hold that property thus situated need not
be first sold on execution, because the creditor is entitled to
have a sale under circumstances which will insure the realiza-
tion of an adequate price. Record title to this realty was in

the wife's name. If a levy had been made prior to the bringing of this action, the property could not have been sold for an adequate price. Nothing substantial could have been accomplished until the interest of the judgment debtor therein was ascertained by an action in equity. We think plaintiffs were entitled to commence this action without a levy, and, by filing a notice of its pendency, they acquired the same interest in it, and right to remove the record obstruction to the enforcement of their judgment, they would have acquired by the idle and unnecessary levy of an execution thereon, which could not have been followed by a sale without the aid of this action.

Two parcels of realty are involved. Defendants admit in their answer that both were purchased with funds and from the earnings of defendant J. Frank Edmonds, but allege that such funds were exempt from execution, and they deny that title thereto was taken in the wife's name in order to hinder and delay or defraud creditors. They also allege that one parcel was purchased for the purpose of using the same as a homestead; that defendants are husband and wife, and constitute and are a family, residing in the city of Deadwood; that they own no other homestead to which they make or assert such claim. The court below found that the premises claimed to be a homestead were conveyed to a trustee about November 11, 1891; that shortly thereafter the trustee conveyed to defendant Jennie S. Edmonds; that there was a habitable dwelling on the premises which was occupied by a tenant under a lease from month to month; that J. Frank Edmonds paid the purchase price of said property with funds belonging to him; that the wife paid nothing for said property to any one; that the premises continued to be occupied by a tenant from the time of purchase until September, 1894; and that defendants never occupied the same until after the commencement of this action; but the court failed to find whether or not such premises were purchased for the purpose of using the same as a homestead. This issue was clearly raised by the allegations of the answer. It was a ma-

terial issue of fact.    Kingman v. O'Callaghan, 4 S. D. 628, 57 N. W. 912.    There was evidence tending to establish this allegation of the answer.    We think defendants were entitled to a finding thereon, and that the learned circuit court erred in omitting to make such finding.

With respect to the lots not claimed as a homestead, the answer admits they were purchased with the funds of the husband.    The trial court finds that the husband was insolvent when the wife acquired title thereto; that she had notice of such insolvency; and that she paid no consideration whatever therefor.    It also finds that the conveyance thereof to her was made with the intent to hinder, delay, and defraud the creditors of defendant J. Frank Edmonds, among whom were the plaintiffs in this action, and that such conveyance was taken by the defendant Jennie S. Edmonds with notice of the said intent on the part of her husband to hinder, delay, and defraud his creditors.    The trial took place September 14, 1894.    October 8th, before the filing of the court's decision, counsel for defendants noticed an application to amend their answer, which was heard and denied October 15th.    This application was based upon the affidavits of defendant J. Frank Edmonds and his attorney, and a proposed answer, verified by said defendant October 6th.    In this amended answer it is alleged, among other things, that the lots we are now considering were not purchased with funds belonging to defendant J. F. Edmonds, but that they were purchased by one Phœbe Edmonds, the mother of said defendant; that they were conveyed by the mother to the wife; and that after the making of the original answer, to-wit, on September 14, 1894 (the day of the trial), she sold and conveyed the same to one McPherson, in pursuance of a contract to convey the same, made prior to the issuance of execution upon plaintiff's judgment.    The refusal of the court to allow this amendment is assigned as error.    Counsel's excuse for not alleging the manner in which title to these lots was acquired in the original answer is that he had but a

short conference with his client before drafting it, and understood that all the lots were included in the alleged homestead; but his application discloses that he discovered his mistake while the trial was in progress. He should have instantly applied for leave to amend. We can discover no abuse of discretion in refusing an application of this kind made a month after the trial was concluded. Upon the original answer and decision of the court below, after a careful consideration of the entire record, we think the judgment should be affirmed as to lots not claimed as a homestead. As to those claimed as a homestead, the judgment must be reversed, and a new trial ordered. The cause is remanded for further proceedings in accordance with this opinion, each party to pay his own costs in this court.