MINNEAPOLIS THRESHING MACHINE CO. v. HANRAHAN *et ux.*

1. Issue of execution to the sheriff of the county where the judgment debtor lives, with return thereof unsatisfied, authorizes suit to reach property of his, standing in the name of another.

2. A complaint in a suit to subject property standing in the name of wife to judgment against husband, alleging that the husband furnished the funds for purchase of the property, and caused title thereto to be put in her name, she never having any pecuniary interest therein, will not allow a contention that, though the funds with which the property was bought were hers, she was estopped to claim the property. because bought with the proceeds of property which she had allowed to stand in his name at the time he contracted the debt for which the judgment was rendered. FULLER, J., dissenting.

(Opinion filed March 24, 1897.)

Appeal from circuit court, Bon Homme county. Hon. E. G. SMITH, Judge.

Action to subject certain real property of a wife to the lien of a judgment against her husband. Defendants had judgment and plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Arthur R. Brown* and *Aikens, Bailey & Voorhees*, for appellant.

The complaint was sufficient. The following cases support it, if not directly, at least by analogy. Daskam v. Nepp (Wis.),

47 N. W. 1132; Taney v. O'Connell (Colo.), 27 Pac. 888; Probert v. McDonald, 2 S. D. 495, 51 N. W. 212; Millard v. Shaw *et al.*, 4 How. Pr. 137; Leggett v. Hopkins, 7 Paige's Ch., 149; Beck v. Burdett, 1 Id. 305; Child v. Brace, 4 Id. 308; Conant v. Sparks, 3 Edw. Ch. 104; Wheeler v. Heermans, 3 Sand. Ch. 597; Bank v. Griffiths, 10 Paige Ch., 519; Adset v. Butler, 87 N. Y. 585; Fox v. Moyer, 54 Id. 125; McCartney v. Bostwick, 32 Id. 53; Bank v. Olcott, 46 Id. 12; Geery v. Geery, 63 Id. 252; Jones v. Green, 1 Wall. 330; Taylor v. Bowker, 111 U. S. 110; Deimel v. Brown, 27 N. E. 44; Preston v. Colby, 4 N. E. 375.

*G. P. Harben*, for respondents.

The complaint was insufficient because it nowhere alleged that defendant William Hanrahan was insolvent at the time of the sale of the Lyon county land, or that the purchase of the Bon Homme county land in the name of defendant Annie Hanrahan, with funds derived from sale of Lyon county lands, left defendant William Hanrahan insolvent, or practically so. 8 Am. & Eng. Encyc. of Law, 776; Bruker v. Kelsey, 72 Ind. 51; Adams v. Slate, 87 Ind. 803; Sherman v. Hogland, 73 Ind. 472.

HANEY, J.   This is an action in equity to subject a wife's realty to the payment of a judgment against her husband. From a judgment of dismissal, and an order denying a new trial, plaintiff appeals.   These facts are undisputed:   Plaintiff is a corporation.   Defendants are, and were during the times mentioned herein, husband and wife.   About February 24, 1888, William Hanrahan purchased a half section of land in Lyon county, Iowa, with money belonging to his wife, taking the deed in his own name, and causing it to be recorded in that county, although he paid no part of the consideration.   The record title remained in William until February 8, 1893, when the land was sold for $10,400 and defendants removed to Bon Homme county, in this state, where 420 acres of land were pur-

chased, the deed being taken in the name of Anna. The South
Dakota land cost $5,400, all proceeds of the land sold in Iowa.
Prior to the purchase in Iowa, Anna had in her own right about
$9,000 received from her parents. Defendants occupied the
land in Iowa, and now occupy the land involved in this action.
August 12, 1891, Hanrahan and one Waters purchased a thresh-
ing machine of plaintiff, giving as part of the purchase price
their note for $560. For the purpose of obtaining credit, the
order for the machine was accompanied with a statement
signed by Hanrahan, wherein he represented he was the owner
in fee of the Iowa land. Relying upon this representation and
the Lyon county records, plaintiff parted with its property and
accepted the note above mentioned. No part of it having been
paid, action was commenced thereon, which resulted in a per-
sonal judgment against each of the makers, which, on May 12,
1894, had been docketed in Bon Homme county, where defend-
ants reside, and in Lincoln county, where Waters resides.
Prior to the commencement of this action, executions were
issued directed to the sheriff in each of these counties, and re-
turned wholly unsatisfied. Having exhausted its legal reme-
dies in an attempt to collect its judgment, by the issuance of
executions against each judgment debtor, which were returned
unsatisfied, plaintiff was entitled to invoke the aid of a court of
equity to remove the obstruction caused by the wife's record
title. Brown v. Edmonds (S. D.) 68 N. W. 734. The com-
plaint states a cause of action. It is alleged in the complaint
that Hanrahan furnished all the funds for the purchase of the
Bon Homme county land, yet for the purpose of placing the
same beyond the reach of creditors, and with intent to hinder,
delay and defraud them, he caused the deed thereof to be exe-
cuted to his wife, and that she never had any pecuniary inter-
est therein. Each of these allegations is denied in the answer.
At the trial it was stipulated that the land was purchased with
funds belonging to the wife, and the court found that the deed
thereto was not made to the wife with the intent to hinder or

delay the creditors of the husband. In view of this stipulation and finding of fact, it is difficult to discover how a judgment in favor of the plaintiff could be sustained without an amendment of the complaint. It was evidently the theory of the pleader that title had been taken in the wife's name for the purpose of hindering and delaying creditors. Such theory was not supported by the facts, and plaintiff failed to recover, because it failed to establish the material allegations of its cause of action. But plaintiff contends that the wife is estopped from asserting any claim to the land in this state, because she permitted the record title to the Iowa land to remain in her husband's name, and thus enabled him to obtain credit and contract the debt which plaintiff is now suing to collect. The contention is not tenable. It is true that the allegations of new matter in the answer, not relating to a counterclaim, or new matter in a reply, is to be deemed controverted by the adverse party upon a direct denial or avoidance, as the case may require (Comp. Laws, § 4933); but the answer in this case, when properly construed, contains no new matter. Freed from several superfluous phrases, it, in effect, admits certain portions of the complaint and denies others. But one material issue was raised by the pleadings, namely, the intent of the defendants. Upon this issue the court found for the defendants, its finding is sustained by the evidence, and fully sustains the judgment of dismissal.

Counsel for plaintiff, basing their argument upon the facts, without regard to the pleadings, earnestly contend that an affirmance of the judgment will work great injustice to plaintiff, and sanction conduct on the part of the wife which should not be tolerated in courts of equity. We cannot concur in this view. Were the wife seeking to establish title to the Iowa land against the claim of plaintiff, there would be much force in counsel's argument, but that case is not before us. The husband used the wife's funds. He was indebted to her, and, when the Iowa land was sold, he had a right to pay her as he would any other unsecured debtor. The plaintiff gave credit

without requiring a mortgage, and cannot complain if this court is unable to create a lien where the parties have neglected to provide for one. The judgment is affirmed.

FULLER, J., dissenting.